IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:23-cv-1401 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>CREDIT MANAGEMENT, LP,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:23-cv-1402 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>WEBCOLLEX, LLC,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:23-cv-1403 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>VELOCITY PORTFOLIO GROUP, INC.,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:23-cv-1404 (RDA/WEF) |

1

| | |
|---|---|
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT<br>CORPORATION,<br><br>    Defendant. | Civil Action No. 1:23-cv-1405 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>RELIANT CAPITAL SOLUTIONS,<br>LLC,<br><br>    Defendant. | Civil Action No. 1:23-cv-1406 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS,<br>LLC,<br><br>    Defendant. | Civil Action No. 1:23-cv-1407 (RDA/WEF) |
| RAYMOND CORMIER,<br>    Plaintiff,<br><br>v.<br><br>ASSET RECOVERY SOLUTIONS,<br>LLC,<br><br>    Defendant. | Civil Action No. 1:23-cv-1408 (RDA/WEF) |

RAYMOND CORMIER,  )
       Plaintiff,        )
                         )
v.                       )    Civil Action No. 1:23-cv-1405 (RDA/WEF)
                         )
NATIONWIDE CREDIT        )
CORPORATION,             )
                         )
       Defendant.        )
_____)

RAYMOND CORMIER,  )
       Plaintiff,        )
                         )
v.                       )    Civil Action No. 1:23-cv-1406 (RDA/WEF)
                         )
RELIANT CAPITAL SOLUTIONS,)
LLC,                     )
                         )
       Defendant.        )
_____)

RAYMOND CORMIER,  )
       Plaintiff,        )
                         )
v.                       )    Civil Action No. 1:23-cv-1407 (RDA/WEF)
                         )
RADIUS GLOBAL SOLUTIONS, )
LLC,                     )
                         )
       Defendant.        )
_____)

RAYMOND CORMIER,  )
       Plaintiff,        )
                         )
v.                       )    Civil Action No. 1:23-cv-1408 (RDA/WEF)
                         )
ASSET RECOVERY SOLUTIONS,)
LLC,                     )
                         )
       Defendant.        )
_____)

# **ORDER**

Plaintiff Raymond Cormier, who is proceeding *pro se*, has filed several Complaints against the following defendants: Credit Control, LLC, Credit Management, LP, WebCollex, LLC, Velocity Portfolio Group Inc., Nationwide Credit Corporation, Reliant Capital Solutions, LLC, Radius Global Solutions, LLC, and Asset Recovery Solutions, LLC. Plaintiff's Complaints assert that each defendant violated the Fair Credit Reporting Act ("FCRA") by making unauthorized inquiries into his consumer report. Dkt. 1. Plaintiff seeks an unspecified amount of actual damages, statutory damages and "potentially punitive damages." *Id.* at 8.

As an initial matter, Plaintiff has failed to prepay the filing fees required by 28 U.S.C. § 1914(a). Therefore, his cases can only move forward if (i) his motions to proceed *in forma pauperis* are granted or (ii) he prepays the filing fee. Based on the information provided, Plaintiff's motion to proceed *in forma pauperis* will be granted.

Additionally, seeking to proceed *in forma pauperis* subjects Plaintiff's complaints to the screening requirements of 28 U.S.C. § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1126- 27 (9th Cir. 2000) (*en banc*). Under this review, a complaint may be dismissed *sua sponte* if the plaintiff's claim(s) are frivolous, malicious, fail to state a claim or seek monetary relief against an immune defendant. 28 U.S.C. 1915(e)(2)(B).

An initial review of Plaintiff's Complaints[1] demonstrates that, thus far, Plaintiff has failed to state a claim for relief. A Complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Defendant filed eight Complaints alleging the same cause of action against various Defendants. Each Complaint contains nearly identical allegations against each Defendant, so the Court will consider the Complaints collectively.

570 (2007). A claim plausible on its face "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the court must accept all factual allegations contained in the complaint, "the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Put differently, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to state a claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In the instant cases, Plaintiff's Complaints purport to assert claims under the FCRA based on each Defendant's alleged obtaining of Plaintiff's consumer report without a permissible purpose. Dkt. 1 at 3-5. The Complaints identify some of the purposes that would permit someone to obtain the consumer report of another under the FCRA and offers largely conclusory assertions that the Defendants had no such purpose. *Id.* The Complaints do not provide any indication that Plaintiff contacted any of the Defendants directly to ask why they obtained Plaintiff's consumer report. Additionally, the Complaints contain only bald assertions that the Defendants acted willfully, and that Plaintiff suffered actual damages. Accordingly, Plaintiff's Complaints will be dismissed for failure to state a claim.

For the reasons set forth above,

It is hereby ORDERED that Plaintiff's motions to proceed in forma pauperis, (Dkt. 2 in Civil Action No. 1:23-cv-1401, Dkt. 2 in Civil Action No. 1:23-cv-1402, Dkt. 2 in Civil Action No. 1:23-cv-1403, Dkt. 2 Civil Action No. 1:23-cv-1404, Dkt. 2 in Civil Action No. 1:23-cv-1405,

Dkt. 2 in Civil Action No. 1:23-cv-1406, Dkt. 2 in Civil Action No. 1:23-cv-1407, and Dkt. 2 in Civil Action No. 1:23-cv-1408) are **GRANTED**; and it is

FURTHER ORDERED that Plaintiff's Complaints (Dkt. 1 in Civil Action No. 1:23-cv-1401, Dkt. 1 in Civil Action No. 1:23-cv-1402, Dkt. 1 in Civil Action No. 1:23-cv-1403, Dkt. 1 Civil Action No. 1:23-cv-1404, Dkt. 1 in Civil Action No. 1:23-cv-1405, Dkt. 1 in Civil Action No. 1:23-cv-1406, Dkt. 1 in Civil Action No. 1:23-cv-1407, and Dkt. 1 in Civil Action No. 1:23-cv-1408) are **DISMISSED WITHOUT PREJUDICE**; and it is

FURTHER ORDERED that if Plaintiff seeks to amend his Complaints Plaintiff is **DIRECTED** to file an Amended Complaint providing a chronological, plain statement of the facts in compliance with Federal Rules of Civil Procedure 8 and 9, on or before Friday, February 9, 2023. If Plaintiff fails to file an amended complaint by that date, then Plaintiff is hereby **WARNED** that his complaint may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

The Clerk is directed to provide a copy of this Order to the Plaintiff at his address of record.

Alexandria, Virginia
January 26, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

5